# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61769-BLOOM/Valle

SHEILA FORBES,

    Plaintiff,

v.

NANCY A. BERRYHILL,

    Defendant.

_____/

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

**THIS CAUSE** is before the Court upon Plaintiff Sheila Forbes's ("Plaintiff" or "Forbes") motion for leave to proceed in this action *in forma pauperis*, ECF No. [5] (the "IFP Motion"), filed on July 31, 2018.[1] The Court has carefully considered the IFP Motion and the record in this case, and is otherwise fully informed in the premises. For the reasons that follow, Plaintiff's IFP Motion is granted.

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); *see* 28 U.S.C. § 1915(a)(1). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs

---

[1] The Court notes that although that the Plaintiff's application to proceed *in forma pauperis* was attached to her Complaint filed on July 31, 2018, *see* ECF No. [1-6], the docket in this case reflects that the IFP Motion was not properly docketed until September 5, 2018. *See* ECF No. [5].

"and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas*, 574 F. App'x at 916 ("A district court has wide discretion in ruling on an application for leave to proceed IFP.").

Plaintiff's IFP Motion represents that she has received no income over the last year, and has received a monthly average of $192.00 in food stamps. ECF No. [5] at 2. Although Plaintiff states that she has a checking account at Wells Fargo, she has listed no amount in that account. *Id*. Thus, Plaintiff does not exceed the poverty guidelines. *See* 83 Fed. Reg. 2642 (setting $12,140.00 as the relevant poverty guideline). Furthermore, the IFP Motion reflects no guaranteed monthly income going forward.

For these reasons, the Court finds that Plaintiff is unable to pay the required filing fee as required for indigent status under section 1915. Therefore, it is **ORDERED AND ADJUDGED** that Plaintiff's IFP Motion, **ECF No. [5]** is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of September, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record