UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61769-BLOOM/Valle

SHEILA FORBES,

    Plaintiff,

v.

NANCY A. BERRYHILL,

    Defendant.
_____/

## ORDER OF REMAND

**THIS MATTER** is before the Court upon the unopposed Motion to Remand, ECF No. [22] (the "Motion") filed by Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Defendant" or "Commissioner"). Defendant requests that the Court remand this action to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g). Plaintiff does not oppose the relief sought.

Under section 405(g) of the Social Security Act, a district court is permitted to remand an application for benefits to the Commissioner by two methods which are commonly denominated as "sentence four remands" and "sentence six remands." *Ingram v. Comm'r for Social Sec.*, 496 F.3d 1253 (11th Cir. 2007). A sentence four remand is appropriate when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record." *Id*. at 1269. Under sentence six of § 405(g), "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ." A "sentence six remand is available

when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Id*. at 1267.

"To properly remand under a sentence six, the Plaintiff must prove the following: '(1) new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level.'" *Hosein v. Astrue*, No. 10-603-61-CIV, 2010 WL 5579561, at *4 (S.D. Fla. Dec. 14, 2010) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998)); *see also* 42 U.S.C. § 405(g) (under sentence six, movant must show "good cause for the failure to incorporate such evidence into the record in a prior proceeding").  Defendant also points to the statement that the joint conference committee of Congress made in reporting upon the Social Security Amendments of 1980 to the Social Security Act that procedural defects be considered "good cause" for remand.  *See* H.R. Rep. No. 96-944, 96th Cong., 2d Sess 59 (1980) ("Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record, which the court may review . . . .").

As set forth in the Motion, Defendant asserts that Plaintiff's file contained evidence referring to another person, which would indicate that a procedural defect occurred.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Remand, **ECF No. [22]**, is **GRANTED**.
2. The cause is hereby **REMANDED** under sentence six of 42 U.S.C. § 405(g) to the Commissioner to conduct further proceedings as follows:

    a. remove any personally identifiable information from that file that does not belong to Plaintiff;

    b. update the record as needed pursuant to 20 C.F.R. 404.1512 and 416.912;

    c. re-assess the medical opinions and Plaintiff's residual functional capacity;

    d. proceed through the sequential evaluation process as needed based on the updated record;

    e. take any further action necessary to complete the administrative record; and issue a new decision.

3. This Court shall **RETAIN** jurisdiction of this case and shall not enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure until after post-remand proceedings are completed, and the Commissioner has filed with the Court any such additional and modified findings of fact and decision.

4. The Clerk shall **CLOSE** this case for administrative purposes only. Any pending motions are **DENIED AS MOOT** and any deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record