**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-61769-BLOOM/Valle**

SHEILA FORBES,

Plaintiff,

v.

NANCY A. BERRYHILL,

Defendant.
______________________________/

**ORDER ON PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES UNDER § 406(b) OF THE SOCIAL SECURITY ACT**

**THIS CAUSE** is before the Court upon Plaintiff's Unopposed Motion for Attorney Fees Under § 406(b) of the Social Security Act, ECF No. [34] (the "Motion"), which Defendant does not oppose. Plaintiff's counsel requests attorney's fees in the amount of $31,998.62. *See* Mot. at 5. The Court has carefully reviewed the Motion, the record in the case and the applicable law, and is fully advised.

The Court remanded Plaintiff's case to the Commissioner of Social Security on January 30, 2019. *See* Order of Remand, ECF No. [23]. On April 13, 2020, the Commissioner issued a favorable decision and Plaintiff was found disabled.[1] Plaintiff's counsel has already received $6,000.00 in fees paid by the Administration under 42 U.S.C. section 406(a). *See* Mot. at 8.

The requested attorney's fee of $31,998.62 is equal to 25% of Plaintiff's past-due benefits of $127,994.50. Plaintiff's counsel states he performed "93.5 hours on the Federal portion of the case[.]" Mot. at 5. Thus, counsel's hourly rate is $342.23 per hour, or $31,998.62 divided by 93.5.

[1] The Notice of Award, ECF No. [34] at 12-17, sent to Plaintiff states Plaintiff's entitlement to benefits began in January, 2014.

The Supreme Court has "explained that contingent-fee agreements are 'presumptively reasonable,' but that '[section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) (alteration added; quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). Scrutiny of contingent-fee agreements serves to prevent "windfalls for lawyers." *Gisbrecht*, 535 U.S. at 808 (internal quotation marks omitted; quoting *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)).

> Courts have recognized that *Gisbrecht's* reference to windfall leaves room for consideration of an effective hourly fee rate, but only alongside other factors, including whether an attorney's success is attributable to his own work or instead to some unearned advantage, the attorney's degree of expertise and adequacy of representation, the percentage of back benefits sought, and the attorney's risk of loss.

*Gossett*, 812 F. App'x at 850-51 (citations omitted). "Courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). Considering the hours spent on this case, Plaintiff's counsel's 27-years' experience with social security disability cases (*see* Mot. at 5), and the successful outcome for Plaintiff, the Court finds the fee requested reasonable. *See also Amador v. Acting Comm'r of Soc. Sec. Admin.*, 8:16-cv-3271, 2019 WL 2269826, at *2 (M.D. Fla. May 28, 2019) (finding an hourly rate of $1,474 (before reimbursement of EAJA fees) "admittedly on the higher end" but "still in line with the rates awarded in other contingency fee cases[.]" (alteration added)). In the same vein, the Court finds no basis for a fee reduction as there is no evidence of delay or unearned advantage. *See Jackson*, 601 F.3d at 1271.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff' Motion, **ECF No. [34]**, is **GRANTED**. Plaintiff's counsel is awarded attorney's fees in the amount of $31,998.62.

Plaintiff's counsel shall be paid **$25,998.62 only** since he has already received $6,000.00 in fees paid by the Administration.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 25, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record